UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDOLPH WASHINGTON,

                Plaintiff,

-v-

OFFICER LAMAR, *et al.*,

                Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/2012
```

No. 11 Civ. 1183 (RJS) (GWG)

ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Randolph Washington, *pro se*, brings this action under 42 U.S.C. § 1983 against various correctional officers at the Rikers Island correctional facility for an alleged assault suffered while he was confined at Rikers Island. Now before the Court is the Report and Recommendation ("Report") of the Honorable Gabriel W. Gorenstein, Magistrate Judge, recommending that this matter be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. For the following reasons, the Court adopts the Report in its entirety.

I. BACKGROUND

    Plaintiff initiated this action by filing a Complaint on February 14, 2011. The matter was referred to Judge Gorenstein for general pretrial purposes and dispositive motions on March 25, 2011. On July 1, 2011, Judge Gorenstein issued an Order warning Plaintiff that if he did not serve the Complaint and Summons by August 1, 2011, or submit a request to extend that deadline upon good cause, the Complaint may be dismissed pursuant to Rule 4(m). That Rule provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). On August 15, 2011, after Plaintiff failed to effectuate service or request an extension of time to do so, Judge Gorenstein issued a Report and Recommendation (the "Initial Report"), recommending that this matter be dismissed pursuant to Rule 4(m). The Initial Report specifically advised the parties that failure to file timely objections would constitute waiver of those objections. *See* 28 U.S.C. § 636(b)(1)(C) (2006); Fed. R. Civ. P. 72(b)(2). Plaintiff did not timely file any objections, and the Court adopted the Initial Report by Order dated September 12, 2011.

However, the Court subsequently received a letter from Plaintiff, *pro se*, requesting additional time to serve Defendants in light of his repeated transfers between two correctional facilities. By Order dated October 28, 2011, the Court vacated its September 12, 2011 Order, and extended Plaintiff's time to serve Defendants until December 31, 2011.

On February 2, 2012, after Plaintiff again failed to effectuate service or request an extension of time to do so, Judge Gorenstein issued the instant Report, recommending again that this matter be dismissed pursuant to Rule 4(m). The Report specifically advised the parties that failure to file timely objections would constitute waiver of those objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Plaintiff did not timely file any objections, and the time to do so has now expired.

II. DISCUSSION

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d

16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake de novo review of such objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

As of the date of this Order, more than 400 days since the Complaint was filed, Plaintiff has not served the Defendants, despite the Court reopening the case and granting him an extension of time to effectuate service. After careful review of the Report issued by Judge Gorenstein, the Court finds no clear error and adopts the Report in its entirety.[1] For the reasons set forth therein, IT IS HEREBY ORDERED that the Complaint is dismissed without prejudice pursuant to Rule 4(m).

SO ORDERED.

Dated:   March 28, 2012
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that according to the docket, Plaintiff was mailed a service package on April 1, 2011 and a second service package on November 21, 2011. As noted in the Report, as of February 2, 2012, Plaintiff had not even contacted the United States Marshals Service to assist in effectuating service.

3

A copy of this Order was mailed to:

Randolph Washington
DIN # 09-A-5283
Downstate Correctional Facility
P.O. Box F
121 Red Schoolhouse Road
Fishkill, NY 12524

Randolph Washington
DIN # 09-A-5283
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562-5442

4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RANDOLPH WASHINGTON,                          :

                      Plaintiff,              : REPORT AND RECOMMENDATION

        -v.-                                  : 11 Civ.1183 (RJS)(GWG)

OFFICER LAMAR et al.,                         :

                      Defendants.             :
-----------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/12

**GABRIEL W. GORENSTEIN, United States Magistrate Judge.**

The complaint in this matter was filed on February 14, 2011. (Docket # 2). As of July 1, 2011, no return of service had been filed with the Court as to any of the defendants. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, the Court issued an Order on July 1, 2011 informing plaintiff that he was required either to serve the summons and complaint on or before August 1, 2011, or to seek an extension of this deadline by showing good cause for his failure to effectuate service. (Docket # 10). This Order specifically informed the plaintiff that his case could be dismissed if he failed to comply with these directives.

Plaintiff did not respond to the July 1, 2011 Order. Accordingly, on August 15, 2011, the undersigned issued a Report and Recommendation recommending that the case be dismissed under Rule 4(m) for failure to serve the complaint within 120 days of its filing. (Docket # 11).

The district court issued an Order on September 12, 2011, adopting this recommendation and the case was dismissed. (Docket # 12).

On October 27, 2011, the undersigned received an undated letter from plaintiff saying that because of his movements between prison facilities his legal mail was "behind schedule." (Docket # 13 (attachment)). Accordingly, on October 31, 2011, the district court issued an order vacating the dismissal and extending until December 31, 2011, plaintiff's deadline to effectuate service. (Docket #13). The docket sheet reflects that a new service packet was sent to plaintiff on November 21, 2011.

Despite the Order requiring service by December 31, 2011, no proof of service has been filed as to any defendant. Nor has plaintiff requested an extension of time for service or shown good cause for failing to serve defendants. In addition, the U.S. Marshals Service has informed a clerk to the undersigned that it has never received a request from plaintiff to effectuate service.

For these reasons, and because this is not a case in which the Court should exercise its discretion to grant an extension in the absence of good cause, see Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007), this matter should be dismissed without prejudice pursuant to Rule 4(m).

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard J. Sullivan, and to the undersigned, at 500 Pearl

Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Sullivan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: February 2, 2012
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy to:

Randolph Washington
09-A-5283
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562-5442